UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GOVERNMENT EMPLOYEES INSURANCE COMPANY AS SUBROGEE OF MILYON CASIANO AND KATHERINE CRUZ,

Civil Action No: 7:24-cv-8476

**COMPLAINT**

Plaintiff(s),

-against-

UNITED STATES OF AMERICA,

Defendant(s).

Plaintiff(s), Government Employees Insurance Company as subrogee of Milyon Casiano and Katherine Cruz by its attorney, Marc Goldberg Esq., complaining of the defendant(s), United States of America, alleges as follows:

**PARTIES**

1. Plaintiff, Government Employees Insurance Company ("Plaintiff") was and still is a corporation authorized to do business in the State of New York, conducting business at 2 Huntington Quadrangle, Suite 2No1, Melville, NY 11747.

2. Plaintiff is in the business of automobile insurance.

3. Plaintiff's insured Milyon Casiano, ("Plaintiff's insured") is an individual residing at 9 Molson Boulevard, Modena, NY 12548.

4. Plaintiff's insured was, at all times relevant to, the insured under a certain Government Employees Insurance Company policy.

5. The claims herein are brought against the United States of America.

6. The claims herein arise out of a motor vehicle accident involving the vehicle of the Plaintiff's insured and an employee of the United States Postal Service.

7. The United States Govermnet, Department of the Postal Service is an agency of the United States of America which by and through its agents, servants, workmen, employees and/or other representatives, acted on behalf of Defendant, United States of America, with the full knowledge, consent and authority of Defendant, United States of america.

## JURISDICTION AND VENUE

8. Jurisdiction over the United States of America in this case is founded upon the Federal Tort Claims Act (28 U.S.C. 2671, et seq.) and 28 U.S.C. 1345(b)(1).

9. The claims here are brought against the United States of America for money damages as compensation for loss of property on February 26, 2023 that was caused by the negligent and wrongful acts and omissions of employees of the United States Government while acting within the scop of their office of employement, under circumstances where the United States, if a private person, would be liable to the Plaintiff in accordance with the laws of the State of New York.

10. Venue is proper in this Court pursuant to 28 U.S.C. 1391(a)(2) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the Southern District of New York.

11. An original SF-95 Claim Form was sent to the United States Postal Service on July 18, 2023.

12. Plaintiff's claim was formally denied by the United States Post Office by letter dated February 26, 2024.

13. On or about June 6, 2024, Plaintiff submitted a formal request for reconsideration of the final denial of claim to the United States Postal Service.

14. Less than six (6) months had expired since the date of the Febraury 26, 2024 denial, making the request for reconsideration timely.

15. Plaintiff's request for reconsideration was formally denied by the United States Post Office by letter dated June 17, 2024.

16. Less than six (6) months has expired since the date of that denial, making institution of this lawsuit timely.

## ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION

17. At all times relevant hereto, Plaintiff's insured owned a 2021 Jeep Grand Cherokee.

18. On or about February 26, 2023, Plaintiff's insured's authorized driver, Katherine Cruz ("Plaintiff's driver") was proceeding Westbound on Fostertown Road at or near the intersection of Pressler Road in Newburgh, New York.

19. At the same aforementioned time and place, Thomas C. Ayala was operating a United States Postal vehicle while also proceeding Westbound on Fostertown Road at or near the intersection of Pressler Road.

20. Upon information and belief, at all times relevant hereto, Thomas C. Ayala was an employee of the United States Postal Service, an Agency of Defendant, United States of America.

21. At the same aforementioned time and place, Thomas C. Ayala operated said vehicle in such an, including, but not limited to, reckless, careless, willfull and wanton and/or negligent manner, so as to fail to yield the right of way and/or turning improperly thereby causing a collision with the vehicle of Plaintiff's insured.

22. As a result of Defendant's actions and/or omissions, the vehicle of Plaintiff's insured sustained property damage.

23. As a result of Defendant's actions and/or omissions, Plaintiff paid Property Damage claims totalling $14,535.42.

**WHEREFORE,** Plaintiff demands judgment against the defendant in the amount of $14,535.42 together with interest from February 26, 2023 along with costs and disbursements of this action.

Dated: Melville, New York
November 7, 2024

/s/ Marc Goldberg

**Law Office of Alexandra M. Hintz**
**By: Marc Goldberg, Esq.**
Attorneys for Plaintiff(s)
2 Huntington Quadrangle, STE 1N01
Melville, New York 11747
516-496-6375
Claim No. 0317913500101014
File No. 24-0032022